```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DOMINION ENERGY TRANSMISSION, INC.,**

        **Plaintiff,**

v.                                               CIVIL ACTION NO. 1:19CV182
                                                                         (Judge Keeley)

**0.11 ACRES OF LAND, MORE OR LESS,
IN DODDRIDGE COUNTY, WEST VIRGINIA,
ET AL.,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 31]**

In this condemnation case, the plaintiff, Dominion Energy Transmission, Inc. ("Dominion"), previously obtained immediate access to and possession of certain temporary and permanent easements it sought to condemn to construct a natural gas pipeline (Dkt. No. 21). Dominion has now moved for summary judgment on the amount of just compensation due for the portions of this property owned by Anthony Lake and Any Unknown Owners (collectively, "Defendants") (Dkt. No. 31).

For the reasons that follow, the Court **GRANTS** the unopposed motion (Dkt. No. 31).

### I. BACKGROUND[1]

On October 13, 2017, the Federal Energy Regulatory Commission ("FERC") granted a Certificate to Dominion authorizing construction

---

[1] As it must, the Court recites the facts in the light most favorable to the non-moving parties. See Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000).

**DOMINION V. 0.11 ACRES, ET AL.** 1:19CV182

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
## UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 31]

of 37.5 miles of natural-gas pipeline in West Virginia ("the Project") (Dkt. No. 1-2 at 3).[2] The Project also included the construction of four compressor units, six valve sites, and two sets of pig launcher and receiver sites. Id. at 8. Dominion was required to obtain easements along the Project in order to construct its pipeline. Under the appropriate circumstances, the Natural Gas Act, 15 U.S.C. § 717f(h), grants it the authority to do so by eminent domain (Dkt. No. 1 at ¶ 31).

On September 16, 2019, Dominion sought to exercise that authority over certain property located in the Northern District of West Virginia, which it had been unable to acquire by agreement, by filing a complaint pursuant to the NGA and Fed. R. Civ. P. 71.1 (Dkt. No. 1). As required by Rule 71.1(c)(2), Dominion included a description of the property, as well as the interests to be taken (Dkt. Nos. 1 at 6; 1-8).

On the same day, Dominion sought partial summary judgment on its right to condemn the subject property and sought a preliminary injunction allowing it to possess the easements (Dkt. Nos. 3, 4). On September 27, 2019, the Court conducted an evidentiary hearing, and, on September 30, 2019, granted Dominion's motion for order of

---

[2] Citations to the FERC Certificate reference pagination of the FERC Certificate itself rather than CM/ECF pagination.

**DOMINION V. 0.11 ACRES, ET AL.** 1:19CV182

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 31]**

condemnation and for preliminary injunction, authorizing Dominion to condemn and obtain immediate access to and possession of the subject property (Dkt. No. 21).

On May 21, 2020, Dominion moved for summary judgment on just compensation owed to the defendants (Dkt. Nos. 31, 32). Despite being served with a Roseboro Notice (Dkt. Nos. 33, 34, 35), the defendants have not responded to Dominion's motion. Accordingly, Dominion's motion is ripe for disposition.[3]

## II. STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party.

---

[3] Although Dominion's motion for summary judgment is unopposed, the Court is nevertheless required to thoroughly analyze the motion. Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court 'must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" (emphasis in original) (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993))).

**DOMINION V. 0.11 ACRES, ET AL.**                              **1:19CV182**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 31]**

Providence Square, 211 F.3d at 850. The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

### III. DISCUSSION

The question at issue is the amount of just compensation due to Defendants for their interests in the underlying property (Dkt. No. 32).

"'Just compensation' is that amount of money necessary to put a landowner in as good a pecuniary position, but no better, as if his property had not been taken." United States v. 69.1 Acres of

**DOMINION V. 0.11 ACRES, ET AL.** 1:19CV182

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 31]**

Land, More or Less, Situated in Platt Springs Twp., Cty. of Lexington, State of S.C., 942 F.2d 290, 292 (4th Cir. 1991). "[I]t is well settled that in the event of a 'partial taking'—*i.e.*, a case in which the [condemnor] has taken one part of a larger tract, leaving the remainder to the landowner—the measure of just compensation is the difference between the fair and reasonable market value of the land immediately before the taking and the fair and reasonable market value of the portion that remains after the taking." United States v. Banisadr Bldg. Joint Venture, 65 F.3d 374, 378 (4th Cir. 1995). When a taking is temporary in nature, because it involves a temporary work space, "the value of the taking is what rental the marketplace would have yielded for the property taken." Id.

Generally, "the property owners bear the burden of proving the fair market value at trial." Hardy Storage Co., LLC v. Prop. Interests Necessary to Conduct Gas Storage Operations, No. 2:07-cv-5, 2009 WL 689054, at *3 (N.D. W. Va. Mar. 9, 2009) (citing United States ex rel. and for Use of Tenn. Valley Auth. v. Powelson, 319 U.S. 273-74 (1943)). However,

> [i]f the condemnor is the only party to admit evidence to the Court of the value of the real property taken, the Court may use that evidence to determine the just compensation of the property and enter default judgment

> against defendant landowners and award the defendants their just compensation as determined by the condemnor.

Atl. Coast Pipeline, LLC v. 1.52 Acres, No. 3:17-cv-814, 2019 WL 148402, at *7 (E.D. Va. Jan. 9, 2019). So too here. Because Defendants have not appeared, answered, or otherwise defended this case, the Court may consider Dominion's undisputed evidence in order to determine just compensation. Id.

**A.   Just Compensation for Defendants**

According to Dominion's expert and certified appraiser, Wesley D. Woods ("Woods"), the property at issue is comprised of 19.04 total acres of land (Dkt. No. 20-6 at 3). This tract is encumbered by a permanent pipeline easement totaling 0.11 acres and will be encumbered by a temporary workspace easement also totaling 0.11 acres. Id. at 3, 33. As of the date of the taking, September 16, 2019, Woods determined that the total rental value of the temporary easement was $83.00 for a five-year term. Id.

Because only a 0.11-acre portion of the land will be encumbered, Defendants are entitled to compensation of $165 ($1,500 per acre multiplied by 0.11 acre), multiplied by the annual rate based on return to land (10%), and then multiplied by 5 (because Dominion intends to use the easement for five years). This totals

**DOMINION V. 0.11 ACRES, ET AL.** 1:19CV182

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 31]**

$83.00 for the five-year term.[4]

**B.   Prejudgment Interest**

Defendants are also entitled to prejudgment interest on the amount of just compensation from the date of the taking, September 16, 2019, to the date of the judgment, September 22, 2020. See United States v. Eltzroth, 124 F.3d 632, 638 (4th Cir. 1997) ("The date of taking 'fixes the date as of which the land is to be valued and the Government's obligation to pay interest accrues.'" (quoting United States v. Dow, 357 U.S. 17, 22 (1958))).

No federal law, however, establishes the appropriate procedure for determining what interest rate applies. Rather, it is left to the Court's discretion. See Washington Metro. Area Transit Auth. v. One Parcel of Land in Montgomery Co., Md., 706 F.2d 1312, 1322 (4th Cir. 1983) ("The choice of an appropriate rate of interest is a question of fact, to be determined by the district court . . ."). Judges in this District have previously observed that, "in order to make the injured parties whole, the prejudgment interest should reflect the injured party's borrowing costs." See, e.g., Dijkstra v. Carenbauer, No. 5:11-CV-152, 2015 WL 12750449, at *7 (N.D. W. Va. July 29, 2015) (Bailey, J.) (quoting Zerkel v. Trinity

---

[4] The Court declines Dominion's request to award Defendants only nominal damages (Dkt. No. 32 at 6).

**DOMINION V. 0.11 ACRES, ET AL.** 1:19CV182

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 31]**

Resources, Inc., Civil Action No. 1:11CV19, 2013 WL 3187077, at *2 (N.D. W. Va. June 20, 2013) (Stamp, J.)).

Applying this principle, the rate at which prejudgment interest is to be calculated should reflect the rate best representing Defendants' borrowing cost during the period of the loss of use of the monies owed. To make this determination, the Court will apply the average federal interest rate from September 2019. During that time, the federal interest rates for marketable interest-bearing debt averaged 2.436%. TreasuryDirect.gov, Average Interest Rates, September 2019, https://www.treasurydirect.gov/govt/rates/avg/2019/2019_09.htm (last visited September 22, 2020). Accordingly, the Court will award prejudgment interest on the amount of just compensation, from September 16, 2019, to September 22, 2020, to be calculated at the rate of 2.436% per annum.

### IV. CONCLUSION

For the reasons discussed, finding no disputed material fact as to the amount of just compensation owed to Defendants, the Court:

- **GRANTS** Dominion's unopposed motion for summary judgment (Dkt. No. 31); and

- **DIRECTS** Dominion to pay $83.00 to Defendants, plus

**DOMINION V. 0.11 ACRES, ET AL.** 1:19CV182

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 31]**

prejudgment interest on this amount at the rate of 2.436% per annum.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and enter a separate judgment order in favor of Dominion. It further **DIRECTS** Dominion to provide copies of both Orders to Defendants and file proof of service with the Court.

DATED: September 22, 2020

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE